# In the United States Court of Federal Claims

No. 10-192T

(Filed: November 17, 2017)

```
*********************************** *
                                    *
SALEM FINANCIAL, INC.,              *
                                    *
                                    *
                  Plaintiff,        *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
                  Defendant.        *
                                    *
*********************************** *
```

Taxation of Costs; Fees of the Reporter for Trial Transcripts; Fees for Witnesses; Costs for Duplication of Papers; Costs Incident to Taking Depositions.

*Rajiv Madan*, Skadden, Arps, Slate, Meagher & Flom LLP, Washington, D.C., for Plaintiff.

*Dennis M. Donohue*, Chief Senior Litigation Counsel, Tax Division, U.S. Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER REGARDING TAXATION OF COSTS

WHEELER, Judge.

In this complex tax refund case, the Court initially found in favor of the Government and awarded it costs as the prevailing party. Salem Fin. v. United States, 112 Fed. Cl. 543, 594 (2013). After an appeal and remand back to this Court, the Court ordered the Clerk to enter final judgment in favor of the Government on August 22, 2017, reflecting that Salem (1) was not entitled to a tax refund of any foreign tax credit amounts; and (2) was entitled to recover $249,632,780.00, plus applicable overpayment interest, with respect to the loan interest issue and corresponding penalty amounts—$136,799,819.76 of which had been previously refunded to Salem in July 2014. See Dkt. No. 250. The Court also directed the Clerk to dismiss Salem's remaining claims. The Clerk entered judgment accordingly on August 25, 2017. Dkt. No. 251. The Court allowed the Government to recover reasonable costs under Rule 54(d), Rules of the Court of Federal Claims ("RCFC"), as the prevailing party.

On September 25, 2017, the Government filed its Bill of Costs in the amount of $250,660.31. Dkt. No. 252. On October 26, 2017, Salem filed its objections, Dkt. No. 253, and on October 30, 2017, the Government filed its reply. Dkt. No. 254. In the course of this supplemental briefing, the Government reduced its costs to $245,692.75. Id. at Ex. 1.

RCFC 54(d) provides that the Court may tax costs in favor of the prevailing party "to the extent permitted by law." Cost awards are governed by 28 U.S.C. §§ 1821 and 1920. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). The prevailing party has the burden to establish to the Court's satisfaction that the requested costs are taxable. Green Constr. Co. v. Kansas Power & Light Co., 153 F.R.D. 670, 675 (D. Kan. 1994). To tax a requested cost, the Court must find that the prevailing party has claimed a necessary litigation expense and that the amount to be taxed is reasonable. Soler v. Waite, 989 F.2d 251, 255 (7th Cir. 1993). The Court has broad discretion to determine the appropriate award of costs. See Otay Mesa Prop., L.P. v. United States, 127 Fed. Cl. 146, 149 (2016); Tempest Publ'g, Inc. v. Hacienda Records and Recording Studio, Inc., 141 F. Supp. 3d. 712, 725 (S.D. Tex. 2015).

The following is a summary of the Bill of Costs as requested by the Government and evaluated by the Court.

A. Fees of the Reporter for Trial Transcripts

Under 28 U.S.C. § 1920(2), the Government requests fees of the reporter for transcripts of court proceedings. The Court may tax the cost of transcripts of court proceedings where: (1) the transcripts were necessarily obtained for use in the case; and (2) the cost is reasonable. 28 U.S.C. § 1920(2); Chore-Time Equip., Inc. v. Cumberland Corp., 713 F.2d 774, 781–82 (Fed. Cir. 1983).

The Government requests $45,743.25 for reporter fees for daily trial transcripts and $6,127.80 for the cost of other transcripts related to non-trial court proceedings in this matter. Dkt. No. 252-1, at 2. The Government represents that all of these fees and costs were necessary for the litigation of this case and have supported the requested amounts with itemized invoices from the court reporting company. Dkt. No. 252, at Ex. 2.0, 2.1.

In general, transcript and reporter fees supported by itemized invoices from the reporting company speak to the reasonableness of those charges. Nevertheless, "the expense of additional copies of transcripts in electronic or condensed format or of premium delivery must be justified on grounds of necessity; if incurred for the convenience of counsel, such costs are not taxable." Dalles Irrigation Dist. v. United States, 91 Fed. Cl. 689, 712 (2010). The Government states that the Court's reporting company automatically charged a delivery fee for all transcripts it provided, and thus these mandatory delivery fees should be deemed necessary and reasonable. Dkt. No. 252-1, at 3. The Government further

argues that the daily transcripts were "critical in helping the parties to focus the issues and avoid repetitive testimony."  Id.

Given the overall length of trial (21 days), and the complexity of this case, the Court agrees that the ability to review these daily transcripts was necessary to ensure the efficient and timely presentation of the case, and not something simply for the convenience of counsel.  See First Fed. Sav. & Loan Ass'n of Rochester v. United States, 88 Fed. Cl. 572, 600 (2009) (finding that trial transcripts in electronic and condensed versions were not just for convenience of counsel as they allowed counsel for both parties to provide efficient service to their clients and improved presentations to the court); see also Otay Mesa, 127 Fed. Cl. at 149–50 (same).  Accordingly, the full amount of $51,871.05 is allowed as taxable for fees of the reporter for transcripts of trial and non-trial court proceedings.

B.  Fees for Witnesses

Under 28 U.S.C. § 1920(3), the Government asks the Court to tax $42,759.48 for all three categories of fees available for witness expenses:  travel fees under 28 U.S.C. §§ 1821(a)(1) and (c)(4), statutory attendance fees under 28 U.S.C. § 1821(b),[1] and subsistence expenses under 28 U.S.C. § 1821(d).  See Dkt. No. 252-1, at 3–6.

Pursuant to 28 U.S.C. §§ 1920(3) and 1821(c)(4), a witness's "normal travel expenses" are taxable as costs if the witness is attending a court proceeding or having a deposition taken.  See, e.g., Otay Mesa, 127 Fed. Cl. at 150; West Wind Africa Line, Ltd. v. Corpus Christi Marine Servs. Co., 834 F.2d 1232, 1237 (5th Cir. 1988).  The Court has the discretion to tax witness travel expenses so long as the amount awarded does not exceed the amount allowed by the applicable statute.  28 U.S.C. § 1821; see 10 Charles Alan Wright et al., Federal Practice and Procedure § 2678 (3d ed. 2011).  In addition to taxation for travel costs, 28 U.S.C. § 1821(b) mandates that "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance," and section 1821(d)(2) allows taxation for subsistence fees for a witness's required overnight stay "in an amount not to exceed the maximum per diem allowance prescribed by [GSA]."

The Government requests a total of $42,759.48 for the above-mentioned categories of witness fees related to depositions and trial expenses for expert witnesses testifying on the Government's behalf.  Dkt. No. 252-1, at 3; see also Dkt. No. 252, at Ex. 3.0, 3.1, 3.2.  Of this total, $39,119.88 accounts for expert witness fees incurred both for the experts viewing each day of the trial as well as for the days each expert actually testified.  The Government argues that both categories of trial costs are justified, because viewing all of the trial testimony was essential and necessary for the expert witnesses to be able to give accurate and complete testimony based upon evidence deduced from previous days of trial.  Dkt. No. 252-1, at 5.  Salem contends that the Government should be allowed costs only

---

[1] While the Government does not mention the $40 statutory attendance fees explicitly in its Bill of Costs Memorandum, these fees are included in its cost charts and final calculations.  See Dkt. No. 252, at Ex. 3.0.

for the days in which the experts actually testified, because having the witnesses sit through each day of the trial was a "strategic decision" made by the Government for the convenience of its own counsel. Dkt. No. 253, at 7. Salem does not dispute costs with respect to witness fees for depositions and opines that the Government is entitled to tax only $17,362.02 to cover the appropriate costs for the days the expert witnesses actually testified. Id.

The Court agrees with the Government that it was more than just a convenience and strategic decision to have its expert witnesses view trial testimony even on the days when the witnesses did not testify. It was important for the witnesses to be able to observe the demeanor and interactions of other witnesses in order to provide the most accurate and complete testimony themselves—testimony this Court found to be particularly useful. Thus, the Court finds that the full amount of $42,759.48 is taxable as reasonable and necessary witness travel, attendance, and subsistence costs.

C. Costs for Duplication of Papers

In its revised Bill of Costs, the Government requests $43,015.52 for the duplication of papers. Dkt. No. 254, at Ex. 1. Broken down, the Government request $30,380.52 for making copies of trial exhibits and renting a copier for trial, and an additional $12,635.00 for making electronic, hyperlinked copies of its post-trial briefs. Id. at 9–10; Dkt. No. 252-1, at 7.

The Court may tax costs for duplication of papers necessarily obtained for use in the case under 28 U.S.C. § 1920(4). See Fogleman v. ARAMCO, 920 F.2d 278, 285–86 (5th Cir. 1991). Documents filed with the Court are presumed to have been necessarily obtained for use in the case. See Friedlander v. Nims, 583 F. Supp. 1087, 1088 (N.D. Ga. 1984); Taxation of Costs, Arizona Pub. Serv. Co. v. United States, No. 03-cv-2832 (Fed. Cl. December 10, 2010), ECF No. 105. The Court permits costs to be taxed for up to five copies of each pleading, dispositive brief, or other document that is filed with the Court, and requires that a claim be substantiated with the "number of copies, total pages, and costs per page." RCFC App., Form 4, Bill of Costs. The Court now addresses each category of requested costs in turn.

1. Copies for Trial Exhibits

The Government originally sought reimbursement for the cost of creating five sets of exhibit binders as well as loose copies to be used as potential exhibits in trial. Dkt. No. 252-1, at 6–7. The five sets of binders included two sets for the Court, one set for Salem, one set for the Government's use in court, and one set for the Government's use in its office between trial days. Id. at 7. Salem objects to taxing costs for the fifth binder, and the Government agrees in its revised Bill of Costs to request costs for only four. Dkt. No. 254, at 9–10. The revised amount the Government requests for such copies is $29,768.34. The

Court finds these costs to be necessary, reasonable, and adequately supported by itemized invoices.[2]  Dkt. No. 252, at Ex. 4.0, 4.1.

The Government further seeks reimbursement of $612.18 for renting a copier during the duration of the trial to produce additional exhibits as necessary during the course of the trial.  Dkt. No. 252-1, at 7.  Salem does not challenge this cost, and the Court likewise finds this expense to be necessary and reasonable.  Accordingly, the Court allows a total of $30,380.52 as reasonable and necessary costs for copies of trial exhibits.

### 2.  Electronic and Hyperlinked Briefs

Additionally, the Government requests $12,635.00 for costs related to making electronic and hyperlinked copies of its post-trial briefs.  Id. at 7–8.  While not mandated by the Court, the Government argues that these electronic briefs allowed the Court "to more easily navigate [the] case's voluminous post-trial paper" trail.  Dkt. No. 254, at 7; see also Dkt. No. 252-1, at 7–8.  While the Court appreciates the Government's intentions, the filing of electronic briefs was neither mandatory nor necessary for the Court to reach its disposition in this case.  As such, the Court disallows costs for the Government's electronic post-trial briefing.

In sum, the Court allows $30,380.52 as reasonable and necessary costs for the duplication of papers, and disallows $12,635.00.

### D.  Costs Incident to Taking Depositions

Under 28 U.S.C. § 1920(2), the Government requests $108,046.70 for costs related to the taking of 61 depositions.  Dkt. No. 252-1, at 8.  Of this total, the Government claims $44,728.97 for videography services used during all but one of the depositions, and $6,053.08 for realtime transcript services provided by the deposition's stenographers in 22 of the 61 depositions.  Id. at 9–10.  Salem challenges the videography and realtime services costs, but does not contest the remaining $57,264.65.

As noted above, "the expense of additional copies of transcripts in electronic or condensed format or of premium delivery must be justified on grounds of necessity; if incurred for the convenience of counsel, such costs are not taxable."  Dalles Irrigation Dist., 91 Fed. Cl. at 712 (citing Asphalt Supply Svc. v. United States, 75 Fed. Cl. 598, 602–03 (2007)).  Nevertheless, the Court does give "some deference with respect to the ordering of transcripts of hearings to the litigation judgments made by the experienced trial counsel . . . ."  First Fed. Sav. & Loan Ass'n of Rochester, 88 Fed. Cl. at 600 (finding all

---

[2] There appears to be a minor disagreement between the parties over the total cost of making the fifth trial exhibit binder.  The Government believes this cost to be $4,967.56, while Salem believes the cost should be $6,947.18.  After reviewing the relevant invoices, the Court finds the Government's calculation to be correct.  See Dkt. No. 252, at Ex. 4.0, 4.1.

plaintiff's claimed costs incident to the taking of depositions, including those for appearance fees, and additional copies in electronic and condensed formats, as taxable). The Court will first address the undisputed costs, and then turn to the challenged costs.

### 1. Undisputed Costs

The parties do not dispute $57,264.65 worth of costs related to the taking of depositions in this case. The Court has evaluated the Government's documentation to support the claimed deposition costs, and in keeping with the analysis of the Government's costs for fees of the reporter of trial transcripts, allows this undisputed $57,264.65 for costs related to the transcribing of depositions. See Dkt. No. 252, at Ex. 5.0, 5.1, 5.2.

### 2. Videography and Realtime Transcript Services

The parties do, however, dispute costs for videography and realtime transcript services associated with the taking of depositions. The Government argues that it is entitled to videography costs for each of the 58 videotaped depositions to which it seeks reimbursement, while Salem contends that the Government is entitled only to videography costs for the eleven videotaped depositions the Court admitted as testimony during trial. See Dkt. No. 252-1, at 9–10; Dkt. No. 253, at 3–4. The Court agrees with Salem. While the videotaped depositions did offer an opportunity for heightened analysis of witness credibility, this Court strongly prefers live, in-person testimony and does not view videotaped depositions as a necessity. As such, the Court allows $5,384.79 for the eleven videotaped depositions that were admitted as testimony and disallows the remaining $39,344.18 related to videography services.

Regarding realtime transcript services, the Government argues that it is entitled to $6,053.08 for services provided by the deposition's stenographers in 22 of the 61 depositions, noting that these particular depositions were "the most critical" depositions. Dkt. No. 252-1, at 9–10. However, the Government has failed to prove that obtaining and reviewing these instant transcripts was necessary for the Government to further its abilities to try the case. Moreover, counsel could have simply taken notes during the depositions instead of relying on an immediate review of the transcripts, regardless of the complexity of the case. Accordingly, the Court disallows costs for the Government's use of realtime transcript services during the taking of depositions.

In sum, the Court allows $62,649.44 as reasonable and necessary costs incident to taking depositions, and disallows $45,397.26.

### Conclusion

Based on the foregoing, the Court taxes costs in favor of the Government and against Salem as follows:

|  | COSTS ALLOWED |
|---|---|
| Fees of the Reporter for Trial Transcripts | $51,871.05 |
| Fees for Witnesses | $42,759.48 |
| Costs for Duplication of Papers | $30,380.52 |
| Costs Incident to Taking Depositions | $62,649.44 |
| **TOTAL COSTS TAXED** | **$187,660.49** |

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge